UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:19-cv-05237-DDP-MAA                                Date: August 7, 2019

Title: Mills v. Marsh

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  Chris Silva  | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:    Attorneys Present for Defendants:
N/A                                                    N/A

**Proceedings (In Chambers):** Order to Show Cause Why Petition Should Not Be Dismissed Without Prejudice for Failure to Exhaust State-Court Remedies

  On February 21, 2019, Petitioner Thomas K. Mills filed an application for leave to file a second or successive petition in the Ninth Circuit Court of Appeals. (*See* ECF No. 1.) On June 13, 2019, a Ninth Circuit panel denied the application as unnecessary and transferred the action to this Court to be processed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 2, at 1-2.) Petitioner filed a petition for writ of habeas corpus on June 28, 2019. ("Petition," ECF No. 5.) The Petition alleges two grounds for relief: (1) Petitioner is eligible for resentencing to remove a sentencing enhancement imposed pursuant to California Penal Code 667(a)(1); (2) Petitioner is eligible for resentencing pursuant to California Penal Code § 1170(d). (*See* Petition 5-6.) Setting aside the question of whether the Petition presents cognizable grounds for federal habeas relief, the Petition appears to be wholly unexhausted.

  A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. See 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted). For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner presents "both the operative facts and the federal legal theory on which his claim is based." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted);

*accord Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  The Court may raise exhaustion issues sua sponte and may summarily dismiss a petition without prejudice on exhaustion grounds.  *See Stone v. San Francisco*, 968 F.2d 850, 855-56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

     Here, Petitioner admits he never presented his resentencing claims in any proceeding before the California Court of Appeal or the California Supreme Court.  (*See* Petition 5-6.)  In other filings in this Court, Petitioner suggests that a California Superior Court denied his petition for resentencing in January 2019.  (*See* ECF No. 1, at 3 ("The state court denied my resentencing petition."); ECF No. 12, at 2 ("I've already been dinied by a Judge at Superior Court.  This is why i'm petitioning in Federal Court.  To try and overrule the Superior Court Judges decision." (errors preserved)).)  However, nowhere does Petitioner indicate that he appealed the decision of the Superior Court or otherwise presented his resentencing claims to the state appellate courts.  Instead, Petitioner states he did not present his resentencing claims to the California Supreme Court "because at that time, the enhancement law was'nt [sic] in effect."  (*Id.* at 7.)  Petitioner avers he does not have any petitions now pending in any court with respect to the judgment of conviction he challenges in the Petition.  (*Id.* at 8.)

     Consequently, it appears the Petition is subject to summary dismissal without prejudice as unexhausted.  *See* 28 U.S.C. § 2254(b)(1)(A).  Before the Court recommends dismissal of the action, the Court will afford Petitioner an opportunity to respond.  Petitioner is **ORDERED TO SHOW CAUSE** why the Court should not recommend dismissal of the Petition for failure to exhaust his claims in state court.  Petitioner shall respond to this Order to Show Cause in writing no later than **September 6, 2019**.  Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

    (1) <u>Notice of Dismissal</u>.  Petitioner may file a notice of dismissal of his Petition.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

    (2) <u>Request for *Rhines* Stay</u>.  Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon

which he is relying in support of that claim. Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay. *See Rhines*, 544 U.S. at 277-78.

(3) <u>Response to Order to Show Cause</u>. If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause. Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court. (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed below.)

**Petitioner is expressly cautioned that failure to respond to this Order to Show Cause will result in a recommendation that the Petition be dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A).**

It is so ordered.

<u>Attachment</u>
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))

| | |
|---|---|
| **Time in Court:** | 0:00 |
| **Initials of Preparer:** | CSI |