Case No.: 2:19-cv-05237-DDP-MAA                             Date: August 23, 2019

Title: Mills v. Marsh

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

|Chris Silva|N/A|
|---|---|
|Deputy Clerk|Court Reporter / Recorder|

Attorneys Present for Plaintiff:        Attorneys Present for Defendants:
N/A                                      N/A

**Proceedings (In Chambers):**   Second Order to Show Cause Why the Petition Should Not Be Dismissed Without Prejudice for Failure to Exhaust State-Court Remedies

On February 21, 2019, Petitioner Thomas K. Mills filed an application for leave to file a second or successive petition in the Ninth Circuit Court of Appeals. (*See* ECF No. 1.) On June 13, 2019, a Ninth Circuit panel denied the application as unnecessary and transferred the action to this Court to be processed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 2, at 1-2.) Petitioner filed a petition for writ of habeas corpus on June 28, 2019. ("Petition," ECF No. 5.) The Petition alleges two grounds for relief: (1) Petitioner is eligible for resentencing to remove a sentencing enhancement imposed pursuant to California Penal Code 667(a)(1); (2) Petitioner is eligible for resentencing pursuant to California Penal Code § 1170(d). (*See* Petition 5-6.)

Observing that the Petition appears to be wholly unexhausted, the Court ordered Petitioner to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state-court remedies. ("First OSC," ECF No. 18.) The Court ordered Petitioner to respond to the First OSC by filing one of the following: (1) a notice of dismissal of the Petition; (2) a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005); (3) a written response to the First OSC explaining that he has exhausted his state-court remedies. (*Id.* at 2-3.)

Petitioner submitted an undated response to the First OSC, which the Court received and filed on August 19, 2019. ("First OSC Response," ECF No. 22.) Petitioner asserts that he "exhausted [his] state court remedies concerning this resenteceing [sic] matter." (*Id.* at 1.) He then states, to the contrary, that he "was'nt [sic] able to exhaust [his] state remedies." (*Id.*) Petitioner indicates that the state superior court denied his petition for resentencing in January 2019. (*See id.*)

On the other hand, he was unable "to get permission to file another habeas corpus" petition in the California Court of Appeal or California Supreme Court. (*Id.*) He says he "would have taken [his] petition" to those state courts, "[b]ut the 9th Circuit Court said [his] request to file a successive petition in another court was unnecessary," and then it transferred his case to this district court. (*Id.* at 2.)

In other words, Petitioner appears to have understood the Ninth Circuit's decision to indicate that he did not have to exhaust his resentencing claims in the California Supreme Court. (*See* First OSC Response at 1-2.) The understanding of this Court is that the Ninth Circuit Court of Appeals denied as unnecessary Petitioner's "application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition *in the district court*." (ECF No. 2, at 1 (emphasis added).) The Ninth Circuit did not express an opinion as to whether Petitioner had met the procedural requirements to bring a habeas petition in the federal court system. (*See id.* at 1.)

As previously articulated in the First OSC, before this Court may consider granting habeas corpus relief, Petitioner must have fairly presented his federal claims to the California Supreme Court. *See* 28 U.S.C. § 2254(b)(1)(A); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999). It appears that Petitioner has proceeded with a petition for a writ of habeas corpus here in this federal district court instead of pursuing his resentencing claims in the state appellate courts, skipping the state-court steps necessary for him to seek relief in federal court.

Petitioner states that, "[i]n the event the Court still finds that the claims are unexhausted, [he] select[s] to file Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 4[1](a) or (c))" and to be able to refile a petition in this Court after he receives a decision from the California Supreme Court on his claims. (First OSC Response at 2-3.) Without opining on whether a subsequently filed federal habeas petition will meet the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254, Petitioner may elect to dismiss this action voluntarily.

Because the First OSC Response does not show that Petitioner's claims are exhausted, the Court remains persuaded that the Petition is subject to summary dismissal without prejudice as unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A). In light of Petitioner's *pro se* status, the Court will afford Petitioner one final opportunity to respond. Petitioner is **ORDERED TO SHOW CAUSE** why the Court should not recommend dismissal of the Petition for failure to exhaust his claims in state court. Petitioner shall respond to this Order to Show Cause in writing no later than **September**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:19-cv-05237-DDP-MAA                                                                       Date:  August 23, 2019

Title:    Mills v. Marsh

**23, 2019**.  Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

(1) <u>Notice of Dismissal</u>.  Per his statement in the First OSC Response, Petitioner may file a notice of dismissal of his Petition.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

(2) <u>Request for *Rhines* Stay</u>.  Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277-78.

(3) <u>Response to Order to Show Cause</u>.  If Petitioner contends that, contrary to his representations in the First OSC Response, he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court.

**Petitioner is expressly cautioned that failure to respond to this Order to Show Cause will result in a recommendation that the Petition be dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A).**

It is so ordered.

<u>Attachment</u>
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))