# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 2:19-cv-05237-DDP-MAA    Date: September 9, 2019

Title: Mills v. Marsh

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Chris Silva | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:
N/A  N/A

**Proceedings (In Chambers):** Third Order to Show Cause Why the Petition Should Not Be Dismissed Without Prejudice for Failure to Exhaust State-Court Remedies

On February 21, 2019, Petitioner Thomas K. Mills filed an application for leave to file a second or successive petition in the Ninth Circuit Court of Appeals. (*See* ECF No. 1.) On June 13, 2019, a Ninth Circuit panel denied the application as unnecessary and transferred the action to this Court to be processed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 2, at 1-2.) Petitioner filed a petition for writ of habeas corpus on June 28, 2019. ("Petition," ECF No. 5.) The Petition alleges two grounds for relief: (1) Petitioner is eligible for resentencing to remove a sentencing enhancement imposed pursuant to California Penal Code 667(a)(1); (2) Petitioner is eligible for resentencing pursuant to California Penal Code § 1170(d). (*See* Petition 5-6.)

Observing that the Petition appears to be wholly unexhausted, the Court ordered Petitioner to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state-court remedies. ("First OSC," ECF No. 18.) The Court ordered Petitioner to respond to the First OSC by filing one of the following: (1) a notice of dismissal of the Petition; (2) a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005); (3) a written response to the First OSC explaining that he has exhausted his state-court remedies. (*Id.* at 2-3.)

Petitioner submitted an undated response to the First OSC, which the Court received and filed on August 19, 2019. ("First OSC Response," ECF No. 22.) Petitioner asserted that he "exhausted [his] state court remedies concerning this resenteceing [sic] matter." (*Id.* at 1.) He then stated, to the contrary, that he "was'nt [sic] able to exhaust [his] state remedies." (*Id.*) Petitioner indicated that the state superior court denied his petition for resentencing in January 2019. (*See id.*)

On the other hand, he was unable "to get permission to file another habeas corpus" petition in the California Court of Appeal or California Supreme Court. (*Id.*) He said he "would have taken [his] petition" to those state courts, "[b]ut the 9th Circuit Court said [his] request to file a successive petition in another court was unnecessary," and then it transferred his case to this district court. (*Id.* at 2.)

In response, the Court issued a second order to show cause why the Petition should not be dismissed, indicating that it appeared that Petitioner has proceeded with a petition for a writ of habeas corpus here in this federal district court instead of pursuing his resentencing claims in the state appellate courts, skipping the state-court steps necessary for him to seek relief in federal court. ("Second OSC," ECF No. 23.) The Court ordered Petitioner to respond to the Second OSC by filing one of the following: (1) a notice of dismissal of the Petition; (2) a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005); (3) a written response to the Second OSC explaining that he has exhausted his state-court remedies. (*Id.* at 2-3.)

In a document received and filed by the Court on September 3, 2019, Petitioner submitted a response to the Second OSC by attaching the conformed face page of a petition for writ of habeas corpus that indicated that Petitioner presented a habeas petition to the California Supreme Court on August 22, 2019.[1] ("Second OSC Response," ECF No. 27.) In a letter directed to the Clerk of Court, Petitioner avers his "state remedies are being exausted [sic] with this Supreme Court case filing." (*Id.* at 3.) He reiterates that he is "exausting [sic] [his] state remedies." (*Id.*)

The Court takes judicial notice of Petitioner's new California Supreme Court proceeding. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"). The California Supreme Court's docket indicates that it has yet to rule on the petition presented to it.

---

[1] Petitioner attaches only the face page of his state-court petition. Petitioner has not provided any information regarding the claims he presented to the California Supreme Court. The Court assumes for the purpose of this Order that the petition before the California Supreme Court contains "both the operative facts and the federal legal theor[ies]" upon which Petitioner brings his Petition here in federal court. *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted).

Petitioner's recent effort to pursue exhaustion does not show his claims are exhausted.  This federal court may not grant the relief Petitioner seeks until the California Supreme Court rules or declines to rule on the petition before it.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ."); *Harris v. Superior Court*, 500 F.2d 1124, 1128-29 (9th Cir. 1974) ("[W]hen the California Supreme Court denies a habeas corpus petition without opinion or citation, or when it otherwise decides on the merits of the petition, the exhaustion requirement is satisfied.").  Principles of comity provide that this Court should not adjudicate Petitioner's claims until the California court is given the first and full opportunity to review and decide claims of federal constitutional error.  *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).  Accordingly, until the California Supreme Court resolves the petition before it, Petitioner's claims remain unexhausted.

Moreover, the fact that Petitioner now seeks to exhaust his claims in the state court does not in itself justify a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  As stated by the Supreme Court, *Rhines* stays "should be available only in limited circumstances."  *Rhines*, 544 U.S. at 277.  In the Second OSC Response, Petitioner avers no facts or argument showing that he had good cause for not bringing his state habeas petition earlier, that his claims are not plainly meritless, and that he has not engaged in abusive litigation tactics or intentional delay.  *See id.* at 277-78.  Accordingly, the Court declines to stay the action *sua sponte* on the basis of the record before it.[2]

Because the Second OSC Response does not show that Petitioner's claims are exhausted or that Petitioner is entitled to a stay of these federal proceedings, the Court still remains persuaded that the Petition is subject to summary dismissal without prejudice as unexhausted.  *See* 28 U.S.C. § 2254(b)(1)(A).  In light of Petitioner's *pro se* status, the Court will afford Petitioner one more opportunity to respond.  Petitioner is **ORDERED TO SHOW CAUSE** why the Court should not recommend dismissal of the Petition for failure to exhaust his claims in state court.  Petitioner shall respond to this Order to Show Cause in writing no later than **October 9, 2019**.  Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

---

[2] Although Petitioner previously expressed he might seek a stay of proceedings (*see* First OSC Response at 3-4), he has yet to file a formal request for a *Rhines* stay.  Petitioner may choose to file such a request in response to this Order to Show Cause.

(1) <u>Notice of Dismissal</u>. Petitioner may file a notice of dismissal of his Petition. The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

(2) <u>Request for *Rhines* Stay</u>. Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition. He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim. Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay. *See Rhines*, 544 U.S. at 277-78.

(3) <u>Response to Order to Show Cause</u>. If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause. Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court **and any decision by the California Supreme Court**.

**Petitioner is expressly cautioned that failure to respond to this Order to Show Cause will result in a recommendation that the Petition be dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A).**

It is so ordered.

Attachment
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))

         **Time in Court:** 0:00
         **Initials of Preparer:** CSI