**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS K. MILLS,<br><br>    Petitioner,<br><br>    v.<br><br>S. MARSH, Associate Warden,<br><br>    Respondent. | Case No. 2:19-cv-05237-DDP-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge ("R&R"). (R&R, ECF No. 51).

    The Court also has reviewed Petitioner's objections to the Report and Recommendation, which the Court received and filed on January 21, 2020 ("Objections"). (Objs., ECF No. 53.) As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the R&R to which Petitioner specifically has objected.

    Petitioner contends that this federal court "can recommend [him] for resentening [sic]" by completing a form addressed to the California Department of Corrections and Rehabilitation ("CDCR"). (*Id.*, at 2-3.) Petitioner submitted, on

the same day as his Objections, a "Template Exceptional Conduct Referral Letter from Facility Staff (or Judge)[1] to CDCR in Sacramento." (ECF No. 57, at 1.) Petitioner adds, "Your Honor, you can recommend me for resentenceing [sic], if you feel I qualify to be resentenced. By sending a letter to the Secretary, and also the form. Or you can order resentenceing [sic]." (*Id.*, at 2.) The Court interprets this as a new request for relief outside the scope of a writ of habeas corpus—a request for a recommendation from this federal court that CDCR resentence Petitioner. *First*, the Court declines to exercise its discretion to entertain this new request for relief, which first was raised in the Objections and concurrent filing. *See United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000); *see also, e.g.*, *Blunk v. Ryan*, 728 F. App'x 736, 737 (9th Cir. 2018) (declining to consider "brand-new stand-alone claim for relief that could have been raised long before the magistrate judge considered [the petitioner's] habeas petition" but instead was raised "for the first time in [the] objections"). *Second*, even if the Court were to entertain Petitioner's new request for relief, as stated in the R&R (R&R, at 6), this federal district court lacks authority to order or recommend that a state official take action to recall Petitioner's sentence. *See* 28 U.S.C. § 1361 (conferring limited jurisdiction over mandamus actions); *Demos v. U.S. Dist. Court*, 925 F.2d 1160, 1161 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court."). Petitioner admits "that there are no constitutional issues in this case." (Objs., at 4.) Accordingly, because Petitioner has not alleged "that he is in custody in violation of the Constitution or laws or treaties of the United States," federal habeas relief is inappropriate. 28 U.S.C. § 2254(a).

    The Court finds no defect of law, fact, or logic in the R&R. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

---

[1] This parenthetical denotes that Petitioner added this language in his own handwriting.

The Court turns to Petitioner's pending motions and requests.  Petitioner has submitted myriad requests to lodge documents with the Court, apparently in support of his arguments that this federal court should direct the state courts or the CDCR to resentence him:

- "Request to Enter Rules Violation Report as Evidence on the Associate Warden, C. Marsh, as an Attempt to Discredit Me and Hold Me in Prison." (ECF No. 48 (emphasis removed).)
- "Requesting The Court To Lodge These Resentenceing [sic] Papers For Magistrate Judge Maria A. Audero's Review, 16 Pages."  (ECF No. 54.)
- "Motion in Request To Enter Mental Health Records For Your Honors [sic] Review And Consideration.  Also My Disciplinary Hearing Results." (ECF No. 59.)
- "Request to Enter My Most Recent College Transcript for Your Honors [sic] Review, And Consideration For An [sic] Recommendation For Resentenceing [sic] To The Secretary Of CDCR."  (ECF No. 61.)
- "Request To Enter Appeal decision, And Release date Change Notices." (ECF No. 62.)
- "Request To Enter Current Legal Status Summary Sheet, For Review." (ECF No. 63.)
- "Request to enter Work Supervisor's report, job performance report, and assignment history reports as evidence for review and consideration for a resentencing order to The Superior Court in Los Angeles by Judge Audero." (ECF Nos. 64 to 64-1.)
- "Request To Enter Another Recent Displinary [sic] Report From CDCR, For Review.  And Ella Baker Center Paper, And A CDC Form 695, For Judges [sic] Review."  (ECF No. 70.)

///
///

- "Request To Enter The Disciplinary Hearing Results For The Judges [sic] Review. Also A Resentenceing [sic] Letter, And A Request For Recall of Commitment Form." (ECF No. 71.)
- "Request To Enter An Inmate Monthly Time Log For Your Honors [sic] Review And Consideration." (ECF Nos. 72 to 72-1.)
- "Request To Enter Decision of Appeal Issue Dated 5/2/20." (ECF No. 74.)

In light of the Court's disposition of this action as noncognizable, all of these requests to lodge or enter documents supporting Petitioner's request for resentencing are denied as moot.

Petitioner also filed a "Motion For Modification Or [sic] Relief." (ECF No. 55.) Although the title suggests Petitioner seeks a modified form of relief, in the body of the motion, Petitioner seeks relief from a judgment pursuant to Federal Rule of Civil Procedure 60(b). (*See id.*, at 2-4.) A motion for relief from a final judgment "must be made within a reasonable time . . . *after* the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1) (emphasis added). At the date of Petitioner's motion filing, no judgment had been entered in this Court. Although judgment will be entered forthwith, this prejudgment motion for relief from judgment is denied without prejudice because it is premature.

Petitioner also cites, without explanation, the sections of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") governing discovery, expansion of the record, and evidentiary hearings. (*See* ECF No. 55, at 2 (citing Habeas Rules 6 through 8).) To the extent Petitioner seeks discovery, expansion of the record, or an evidentiary hearing, his requests are denied because the First Amended Petition is summarily dismissed pursuant to Habeas Rule 4. *See* Habeas Rule 6(a) (requiring court authorization upon a showing of good cause for discovery); Habeas Rule 7(a) (providing rule for expansion of the record "[i]f the petition is not dismissed"); Habeas Rule 8(a) (providing rule for evidentiary hearing "[i]f the petition is not dismissed").

///

Finally, Petitioner filed a "Motion To Recall The Remittitur, Request To Enter Motion." (ECF No. 69.) Petitioner requests that this federal court return Petitioner's case to the state court for resentencing, or recommend that the Secretary of the CDCR remove a five-year enhancement from his sentence. (*Id.*, at 2.) As discussed *supra*, the Court declines to entertain these requests for relief, which first were presented in this case after the Magistrate Judge issued a Report and Recommendation on the merits of the First Amended Petition. *See Howell*, 231 F.3d at 622; *Blunk*, 728 F. App'x at 737. In any event, for the reasons described in the R&R and in this Order, this Court lacks authority to grant the relief Petitioner seeks. *See* 28 U.S.C. § 1361; *Demos*, 925 F.2d at 1161. The motion is denied.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) Petitioner's motions (ECF Nos. 48, 54-55, 59, 61-64, 69, 70-72) are denied; and (3) Judgment shall be entered denying the First Amended Petition and dismissing this action with prejudice.

DATED:  September 1, 2020

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE